UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| | § | |
| $147,960.00 in U.S. Currency, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### Nature of the Action

1.      This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

### Defendant Property

2.      The Defendant is $147,960.00 in United States currency (the "Defendant Property").

3.      On or about April 22, 2019, law enforcement officers seized the Defendant Property from Raymond William Araujo in Houston, Texas.  The Defendant Property is in the custody of the United States Marshals Service.

4.      On or about September 29, 2019, Raymond William Araujo submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Property.  DEA received the claim on October 1, 2019.

Jurisdiction and Venue

5.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

Statutory Basis for Forfeiture

7.     The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et. seq.*), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

Facts

8.     On or about April 22, 2019, Raymond William Araujo (hereinafter "Araujo") took a commercial flight from Oklahoma City, Oklahoma to George Bush Intercontinental Airport, Houston, Texas for a connecting flight to Seattle, Washington.  Before boarding the flight in Oklahoma City, Araujo checked his carry-on bag for screening through a Transpiration Administration Security (hereinafter "TSA") checkpoint.  Through screening equipment, TSA officials observed an anomaly in Araujo's bag and pulled him aside to search the bag's contents.  Araujo advised TSA officials that he was carrying a large amount of U.S. currency.  He claimed that the money was for the purchase of real estate in Oklahoma, but that the purchase had fallen through.  After searching Araujo's bag and

observing bundles of currency, the TSA permitted Araujo to continue on his travel to Houston.

9.      When Araujo arrived at Houston Intercontinental Airport, Houston Police Department (hereinafter "HPD") officer, C.E. Smith III (hereinafter "Smith"), and officer R. Reeves (hereinafter "Reeves"), approached Araujo near Gate B6, Terminal B, after he deplaned the aircraft. Smith asked Araujo's permission to ask questions and Araujo consented. Smith requested Araujo's travel and identification documents.  Araujo produced an airline ticket and driver's license, and advised Smith he was traveling to Seattle, Washington, his place of residence.

10.      Araujo told Smith he packed the bag he was carrying and said no one had given him anything to carry.  Araujo said he was not carrying any weapons or illegal drugs. Officer Smith asked Araujo if he was in possession of a large sum of U.S. currency.  In response, Araujo told Smith he had $150,000.00 in his carry-on bag.  Araujo gave officers consent to search his bag.

11.      Officer Reeves search the bag and found envelopes containing a large sum of U.S. currency in multiple denominations, held together with rubber bands.  Smith and Reeves noticed that the currency was organized and banded in a fashion that is consistent with what they have often seen in the sales of illegal street narcotics.  The carry-on bag also contained an entry pass to the Cannacon, Cannabis Industry Conference, which was held in Oklahoma City, three days before, between April 18 and 19, 2019.  The conference pass had Araujo's name on the front of it.

12.     Araujo voluntarily went with officers to the Narcotics Office located at the airport.  Officer Smith asked Araujo if he had obtained the money from the bank.  Araujo said no.  He explained that he stopped using banks and that he kept the money under his mattress at home.  He told Smith that he had saved the money over his lifetime.

13.     When asked Araujo what he intended to do with such a large amount of cash, Araujo said that he had planned to buy a house in Oklahoma, but that the deal had fallen through.  When Smith asked for the location of the house and the point of contact for the sale of the property, Araujo said he did not want to answer that question.

14.     Araujo told Smith that he owns his own business called Global Repair and Restoration located at 1932 Locust Way, Lynnwood, Washington.   Officer Reeves conducted a Google map search of the address but was unable to find a business located at that address.

15.     Sergeant M.L. Skeen (hereinafter "Skeen") counted the currency.  Before counting it, he asked Araujo how much money was in the bag.  Araujo said that each of the three enveloped in the bag contained $50,000.00, for a total of $150,000.00.  Skeen counted the money in front of Araujo, which came to a total of $147,960.00.  When asked about the discrepancy, Araujo said that the money counter Skeen had used was probably more accurate than him guessing.

16.     Canine Officer, R. Corrales ran his dog "Gero" on the currency. The dog is a certified Narcotics Canine with the N.N.D.D.A. (National Narcotics Detector Dog Association Inc.).  The canine alerted on the currency.

17.     Officers asked Araujo whether he has a criminal record.  Araujo said he served time in prison in 2011 for the possession and sale of cocaine, and for felony theft.

18.     The Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the Controlled Substances Act,  21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

<u>Requested Relief</u>

Wherefore, the United States of America prays that judgment of forfeiture be entered against the $147,960.00 in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:   <u>s/Abe Martinez</u>
Abe Martinez
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9349 (office)
abe.martinez@usdoj.gov

## Verification

I, Jose L. Rincones, a Special Agent employed by the Drug Enforcement Administration (DEA) verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts set forth in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on this the _19th_ day of December 2019.

Jose L. Rincones
Special Agent
Drug Enforcement Administration